United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRENDA D. PERRY,

Plaintiff,

v.

SAN MATEO-FOSTER CITY SCHOOL DISTRICT, et al.,

Defendants.

Case No. 26-cv-00309-RS

**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO COMPEL ARBITRATION WITHOUT PREJUDICE**

Pursuant to Civil Local Rule 7-1(b) the motion to dismiss brought by defendants San Mateo-Foster City School District and John Cosmos, and the motion to dismiss and compel arbitration brought by defendant Amergis Healthcare Staffing, Inc., are suitable for disposition without oral argument, and the hearing set for August 27, 2026, is vacated. The motions to dismiss will be granted with leave to amend, and the motion to compel arbitration will be denied without prejudice to renewal in the event plaintiff fails to state a claim for sexual harassment.

In the operative First Amended Complaint, Plaintiff Brenda D. Perry asserts she was subjected to "severe racial and sexual harassment, death threats, and a physical assault" while employed by defendant Amergis Healthcare Staffing, Inc. as a Behavioral Technician, and assigned to various schools operated by defendant San Mateo-Foster City School District, who she alleges was her "joint employer." The alleged acts of racial and sexual harassment, death threats, and physical assault were carried out by students at the schools. Perry alleges defendants failed to address the situation appropriately and remedy it, and instead retaliated against her for

complaining.

A. Amergis

Amergis moves to dismiss Perry's Twelfth claim for relief, entitled "California FEHA — Sexual Harassment Cal. Gov't Code § 12940(j)." Dismissal of this claim for relief is critical to Amergis's motion to compel arbitration because, as Amergis acknowledges, under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), arbitration cannot be compelled in cases where a person alleges "conduct constituting a sexual harassment dispute or sexual assault dispute . . . with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute." 9 U.S.C § 402, subd. (a). Conversely, however, Perry has made no showing that compelling arbitration would be improper or unwarranted in the event her claim for sexual harassment were dismissed without leave to amend. *See Johannessen v. JUUL Labs, Inc.*, 2024 WL 3173286, at *4 (N.D. Cal. June 24, 2024) ("The EFAA does not apply in the absence of a plausible sexual harassment claim.")

The only factual allegation Perry offers to support the Twelfth claim for relief is that a student "explicitly perform[ed] a sexual act directed at Plaintiff while laughing." Para. 24. The claim for relief describes what appears to be the same event, "Plaintiff was subjected to unwelcome and explicit sexual conduct from a student while performing her job duties." Para. 99. These vague and generalized allegations are insufficient to state a claim for sexual harassment, and the motion to dismiss must be granted. It does not follow, however, that the matter should be sent to arbitration at this juncture. Rather, it is appropriate to give Perry leave to amend. Accordingly, Amergis's motion to dismiss is granted. Any amended complaint shall be filed within 20 days of the date of this order.

The motion to compel arbitration is denied without prejudice. Amergis may renew the motion in conjunction with any motion to dismiss an amended complaint.

B. <u>San Mateo-Foster City School District and John Cosmos</u>

The school district and individual defendant John Cosmos, its principal, move to dismiss on multiple grounds. In response, Perry concedes that many of defendants' arguments have merit, and that she cannot proceed under various claims for relief. She requests leave to file a Second Amended Complaint. Without prejudice to any subsequent challenge by defendants to the adequacy of the amendments, the motion to dismiss is granted, with leave to file an amended complaint within 20 days of the date of this order. Perry is directed to review her proposed second amended complaint again prior to filing it to ensure she has addressed all of defendants' contentions to the extent possible. Perry is advised that in the event defendants challenge the sufficiency of the pleading again and any of their contentions have merit, further leave to amend likely will not be granted.

**IT IS SO ORDERED**.

Dated: August 8, 2026

RICHARD SEEBORG
United States District Judge